**SHOU RAN LIANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

**No. 07–4311–ag.**

United States Court of Appeals, Second Circuit.

June 24, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney Peter D. Keisler as the respondent in this case.

Lee Ratner, of counsel to Michael Brown, New York, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Carl H. McIntyre, Jr., Assistant Director, Leah V. Durant, Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Shou Ran Liang, a native and citizen of the People's Republic of China, seeks review of a September 20, 2007, order of the BIA affirming the December 13, 2005, decision of Immigration Judge ("IJ") Douglas Schoppert denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shou Ran Liang*, No. A98 776 016 (B.I.A. Sept. 20, 2007), aff'g No. A98 776 016 (Immig. Ct. N.Y. City Dec. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we deem abandoned any claim that Liang is eligible for asylum based on his wife's abortion, or his own opposition to the family planning policy, as he does not raise it in his brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Applying this standard, we conclude that substantial evidence supports the IJ's adverse credibility finding. In the first place, as the IJ observed, Liang's application was vague and evasive on several fronts, as it (1) contained no description of his wife's abortion; (2) failed to provide a date for his arrest by authorities, allegedly for hiding his "friend," a Falun Gong practitioner; (3) did not provide the name of that "friend"; (4) gave no detail about the physical mistreatment he allegedly suffered while detained; (5) did not specify his length of detention; and (6) did not explain how he escaped or was otherwise released from detention.

To be sure, we see nothing inherently implausible about an applicant testifying to additional details that, either because of space constraints, or insufficient prepara-

tion, were not included in the written application. In this case, however, when asked why his written addendum, prepared with the aid of counsel, omitted important details, Liang could only answer that he had difficulty remembering what happened when he first applied for asylum. Moreover, he failed to offer any account of how, in the time between the filing of his application and the date of his hearing, he had come to remember critical specifics that had previously eluded him. Although a reasonable fact-finder might still have credited Liang's explanation, we cannot say, on these facts, that one would be compelled to do so. Therefore, based on the number and significance of the omissions, we find the IJ's adverse credibility finding to be supported by substantial evidence. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Additionally, the IJ rejected as implausible Liang's testimony that authorities arrested him because a Falun Gong practitioner had been hiding in his house, yet did not even question his wife about the incident. An IJ's deduction is not impermissibly speculative if it based on "record facts, or even a single fact, when viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). Here, both "common sense and ordinary experience" suggest that the government authorities would have had reason to question Liang's wife in addition to Liang because she lived in the same house. That they did not do so could lead the IJ to wonder why the respondent faces any risk of harm on this account upon return to China.[2]

Finally, the IJ was skeptical of Liang's claim that he practiced Falun Gong in the United States, pointing out that Liang "really seemed unable to name the exercises that he practices." Liang challenges this finding, asserting that his lack of doctrinal knowledge about Falun Gong may not provide the basis for an adverse credibility determination. *See Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006). But his reliance on *Rizal* misses the mark: Liang has not given any indication, nor does he assert now, that he intends to practice Falun Gong in the event he is returned to China. Absent such evidence, he cannot carry his burden of showing a well-founded fear of persecution on this ground. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

Because the only evidence of a threat to Liang's life or freedom depended upon his credibility, the IJ's adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief, as they were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.

---

**2.** The BIA additionally found that the harms Liang suffered while in custody did not rise to the level of persecution. As the adverse credibility determination is dispositive of this case, we have no occasion to consider Liang's challenge to this conclusion.